SUPERIOR COURT
OF THE

RICHARD R. COOCH
*RESIDENT JUDGE*

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0664

James J. Kriner, Esquire
Deputy Attorney General
Department of Justice
820 North French Street
Wilmington, Delaware 19801
Attorney for State of Delaware

Lamare A. Bradley
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977
Defendant, *pro se*

Re: **State of Delaware v. Lamare Bradley**
     **ID# 0712028521**

Submitted: November 27, 2018
Decided: December 4, 2018

On Defendant's Motion for Correction of Illegal Sentence. **DENIED.**

Dear Mr. Kriner and Mr. Bradley:

I have received Defendant's motion to for correction of illegal sentence, and the State's response. Upon review of the contentions' of the parties, the Court denies Defendant's Motion.

Defendant pled guilty to *inter alia* Unlawful Sexual Contact First Degree, and was sentenced on January 23, 2009. At the time of sentencing, 11 *Del. C.* §4121(e)(1) required that Defendant register as a Tier III sex offender in addition to any incarceration or probation. The Court, however, erroneously ordered Defendant to register as a Tier II sex offender. On June 24, 2011, the Court notified the parties of the error and proposed to correct the sentence to properly reflect the Tier III designation. Defense counsel did not object, and the sentence was so corrected.

In his motion, Defendant contends it has only now come to his attention that his sentence was amended in 2011 to reflect the statutory mandate. It appears to the Court however, that Defendant has repeatedly registered as a Tier III sex offender since his sentence was corrected in 2011. Defendant further alleges that his plea agreement included a provision that he would be required to register as a Tier II sex offender, not Tier III. At the time of the plea agreement, Defendant acknowledged that he had to register as a sex offender, and that Defendant discussed the requirements with his lawyer, as noted on the Truth-In-Sentencing Guilty Plea Form.[1] There is no indication that there was an agreed upon tier. At the time of sentencing, 11 *Del. C.* §4121(e)(1) required Defendant register as Tier III.

Accordingly, Defendant Motion for Correction of Illegal Sentence is **DENIED**.

**IT IS SO ORDERED.**

Very truly yours,

RRC

cc: Prothonotary
    Investigative Services

---

[1] Truth-In-Sentencing Guilty Plea Form, D.I. 26 (Nov. 12, 2008). Defendant and defense counsel signed the Truth-In-Sentencing form.